PER CURIAM.
The attached Rules are hereby approved and adopted, the same to take effect on January 1, 1968. They will govern all proceedings in Probate and Guardianship instituted after they take effect and all further proceedings in Probate and Guardianship then pending. All rules, parts of rules, statutes or parts of statutes inconsistent with the Rules here approved and adopted are hereby repealed.
The time for filing petition for rehearing is limited to 5:00 P.M. Friday, July 28, 1967.
O’CONNELL, C. J., and THOMAS, ROBERTS, DREW, THORNAL, CALDWELL and ERVIN, JJ., concur.
IN THE SUPREME COURT OF FLORIDA
MOTION OF THE FLORIDA BAR FOR THE ADOPTION OF RULES OF PROBATE A.ND GUARDIANSHIP PROCEDURE
TO: THE HONORABLE CHIEF JUSTICE AND JUSTICES OF THE SUPREME COURT OF FLORIDA:
The attached Rules of Probate and Guardianship Procedure having been recommended by the Florida Court Rules Committee and the Sub-committee on Rules of Probate and Guardianship Procedure and submitted to the Board of Governors of The Florida Bar, and the Board of Governors of The Florida Bar, having approved them, does now respectfully move for the adoption of said Rules of Probate and Guardianship Procedure.
The Court is advised that simultaneously with the filing of this motion, a copy thereof has been filed with the Executive Director of The Florida Bar for inclusion in the February —:, 1967 issue of The Florida Bar Journal.
THE FLORIDA BAR
By —--
Fletcher G. Rush
By-
Harold R. Clark,
Chairman,
Sub-committee on
Rules of Probate
and Guardianship
Procedure
PROPOSED RULES OF PROBATE AND GUARDIANSHIP PROCEDURE
RULE SUBJECT
5.010 Scope
5.020 Definitions
5.030 Pleadings; Motions
5.040 Attorneys
5.050 Process; Notice
5.060 Request for Notices and Copies of Pleadings
5.070 Subpoena
5.080 Depositions and Discovery
5.090 Allocation of Costs, Fees and Commissions
5.100 Right of Appeal
5.11Ó Petition for Probate of Will
5.120 Proof of Wills
5.130 Commission to Prove Will
5.140 Notice to Heirs or Beneficiaries
5.150 Caveat; Proceedings
5.160 Revocation of Probate
5.170 Probate of Will Written In Foreign Language
5.180 Probate of Notarial Will
5.190 Probate of Nuncupative Will
5.200 Petition for Letters of Administration
*410 Resident Agent Cn to o
Disqualification of Personal Representative; Notification c_n k> to o
5.230 Administrator Ad Litem; Guardian Ad Litem
5.240 Oath of Personal Representative
5.250 Inventory
5.260 Appointment and Qualification of Appraisers
Compensation of Appraisers O bs oq u-j
Continuance of Business of Decedent or Ward O OO c\j irj
5.290 Duty to Assign Dower
5.300 Sales Where No Power Conferred
5.310 Annual Returns and Contents
5.320 Objections to Annual Returns
5.330 Order Requiring Returns
5.340 Production of Assets
5.350 Proceedings for the Payment of Legacies or Distributive Interest
5.360 Distribution
5.370 Exempt Estates
5.380 Resignation of Personal Representative
Proceedings for Removal GJ vo O
Administration Following Death, Resignation or Removal ^ O CD
5.410 Termination of Guardianship on Change of Domicile of Resident Ward
5.420 Termination of Guardianship Upon Removal of Ward’s Incapacity, Death, or Exhaustion of Assets
5.430 Final Settlement and Discharge, Decedent’s Estate
5.440 Subsequent Administration
5.450 Ancillary Administration
RULES OF PROBATE AND GUARDIANSHIP PROCEDURE
RULE 5.010. SCOPE
These rules govern the procedure in the County Judge’s Court in all probate and guardianship proceedings and shall be known and cited as the Rules of Probate and Guardianship Procedure and may be abbreviated as “PGR”. The Rules of Civil Procedure apply only as provided herein.
Committee Note: When this rule is adopted, Rule 1.010 should be amended to apply to County Judge’s Courts only in civil matters. See F.S. 36.09.
RULE 5.020. DEFINITIONS
When used in these rules, unless otherwise required by the context, or unless a contrary intent is expressly declared in the provision to be construed, the following mean:
■ (a) Court. -The County Judge’s Court.
(b) Judge. The judge of the County Judge’s Court including any judge elected, appointed, substituted or assigned to serve as judge of the court.
(c) Personal Representative. A general term referring to the fiduciary, whether a person or a corporation, appointed by the court as an administrator, administrator cum testamento annexo, administrator de bonis non, ancillary administrator, ancillary executor, executor, guardian, or curator, to any of whom letters have been issued.
(d) Estate. All of the property of a decedent, minor, or incompetent as originally constituted, and as it from time to time exists during administration.
(e) Process. Citation, summons, subpoena, order to show cause and any other order of the court by which jurisdiction is obtained of a party.
(f) Notice. The service of pleadings, motions and other papers subsequent to obtaining jurisdiction of the party and when required by law or these rules, other than process.
(g) May. In relation to an act to be performed by the court, means in the discretion of the court.
(h) Gender and Number. Unless the context of these rules otherwise requires:
(1) “Administrator” also refers to an administratrix.
*411 (2) “Executor” also refers to executrix.
(3) Words in the singular number include the plural and in the plural include the singular.
(4) Words in the masculine gender include the feminine and the neuter, and when the sense so indicates, words of the neuter gender may refer to any gender.
Committee Note: This section is new. These definitions are intended to simplify drafting of these rules and should be liberally construed. See also statutory definitions in F.S. 731.03. The term “personal representative” when used in these rules is broadened to include guardians.
RULE S.030. PLEADINGS; MOTIONS
(a) Forms of Pleadings. Pleadings in probate and guardianship matters shall be in writing and signed by the attorney of record, and by the pleader when required by law. A party who has no attorney, but represents himself only, shall sign his pleading or other paper and state his address. All technical forms of pleadings are abolished. No defect of form impairs substantial rights, and no defect in the statement of jurisdictional facts actually existing renders any proceeding void.
(b) Petition. The petition shall state in a short and simple manner the facts constituting jurisdiction of the court and the ground of the proceedings and shall ask for such relief as is desired. It shall be filed before any process issues.
(c) Defense. Defenses shall be filed on or before the return day specified in the notice or process. The answer shall set forth the facts constituting the defense in a short and simple manner.
(d) When at Issue. Upon the filing of a sufficient answer the proceeding is at issue, new matters being deemed denied or avoided; and the issues shall be tried at such time as the court directs.
(e) Motions. Any party may test the sufficiency of any part or all of an adversary’s pleading, by motion. Motions directed to an answer shall be filed within 20 days after the day the answer was required to be filed, or within such other time as the court in its discretion may allow. Disposition of motions and all matters of amendment and pleading generally shall be in accordance with the direction of the court. Reasonable notice in writing shall be given to the adversary or his counsel of the hearing of any motion. Ten days shall be allowed for further pleadings unless the judge shall order otherwise. Notice shall be given in the same manner as service of pleadings.
(f) Copies. In adversary proceedings, or when otherwise required by these rules, copies of all pleadings and motions shall be served on all interested parties or their .attorneys.
Committee Note: This is the same as. F.S. 732.08, combining F.S. 744.28 relating to guardianships, both with editorial changes. The time for filing a motion to an. answer is enlarged to 20 days.
RULE 5.040. ATTORNEYS
The provisions of Rule 1.030 RCP relating to attorneys shall apply.
RULE 5.050. PROCESS; NOTICE; TIME.
(a) When process is required by these rules, by statute, or is ordered by the court, summons shall be issued by the judge or clerk directed to the parties in interest requiring them to file their written defenses to the petition or pleading, copy of which must be attached to the summons, within twenty days after service thereof.
(b) Service of process in Florida may be made as provided in Chapter 47, Fla. Stats., or as in paragraph (c) hereof.
*412 (c) Service of process outside of Florida may be made by delivery of á copy of the summons to the.person to be served. If the person without the state is a minor or incompetent, a copy of the summons shall be delivered to such minor or incompetent and also to the person in whose care and custody such minor or incompetent is found. The return of such service shall be by affidavit and shall state the date when the summons was received by the person making the return, the date when it was served, the place of service, the name of the person served and the manner of service.
(d) When an affidavit is filed showing that personal service is impractical, the court may order service by publication, in the manner provided by Chapter 48, Fla. Stats.
(e) If any person fails to file his defenses to a pleading within the time prescribed, the matter shall proceed ex parte as to such person.
(f) Unless ordered by the court, service of process is not necessary on any person who has filed a claim, pleading, election or other paper, or who has otherwise appeared in the same proceeding, notice, where required, being sufficient.
(g) Service of notice, pleadings, motions and other papers subsequent to obtaining jurisdiction of the party and when required by law or by these rules, other than process, shall be made, filed and certified to as provided in Rule 1.080 RCP, except when specially provided otherwise.
(h) The provisions of Rule 1.090 RCP shall apply in probate and guardianship proceedings.
Committee Note: This rule incorporates some of the provisions of F.S. 732.09 and Rule 1.070 RCP. The committee considers that the time for filing a defense should be within twenty days after service whether it be in person or by publication. See Form S.610 for citation (by service) and Form 5.620 for citation (by publication). Also see Form 5.630 for affidavit of service, as an optional form. For service of pleadings and papers subsequent to process, see Rule 5.030(f) PGR.
RULE 5.060. REQUEST FOR NOTICES AND COPIES OF PLEADINGS.
' (a) Any person interested in the estate or a decedent or ward who desires notice of proceedings in such estate may file a separate written request for notice of further proceedings, designating therein his residence and postoffice address. When such person changes his residence or post-office address, a new designation of such change shall be filed in the proceedings. A person filing such request shall also deliver two copies thereof to the court, which shall forthwith mail one copy to the personal representative, and one copy to his attorney of record, noting on the original the fact of mailing.
(b) Any party filing such a request shall be served thereafter with notice of further proceedings and with copies of subsequent pleadings and papers.
Committee Note: This is a decided change from the present provision of F.S. 732.11 which apparently is more honored in the breach than in the observance. It seems well to require all persons desiring notice, other than in adversary proceedings, to file a formal request therefor. The fact that a creditor has filed a claim against an estate should not require the personal representative to serve the creditor with notice pf all further proceedings. On the other hand, if for some reason the creditor, or other person interested in the estate does want notice of further proceedings, he should make a 'formal request therefor.
RULE 5.070. SUBPOENA
The provisions of Rule 1.410 RCP shall apply in probate and guardianship proceedings.
*413 Committee Note: The committee considered that F.S. 732.12 entitled “Testimony and Subpoenas” should be divided in subject matter and that the text of that section made little or no contribution to either subject. Accordingly, this rule adopts the provisions of Rule 1.410, relating to subpoenas, which is already familiar to the lawyers and the courts. Since this rule now covers guardianship proceedings, F.S. 744.32 is no longer needed.
RULE 5.080. DEPOSITIONS AND DISCOVERY
(a) The following Rules of Civil Procedure shall apply in probate and guardianship proceedings:
(1) Rule 1.280, Depositions Pending Action.
(2) Rule 1.310, Depositions Upon Oral Examination.
(3) Rule 1.320, Depositions of Witnesses Upon Written Interrogatories.
(4) Rule 1.330, Effect of Errors and Irregularities in Depositions.
(5) Rule 1.340, Interrogatories to Parties.
(6) Rule 1.350, Discovery and Production of Documents and Things.
(7) Rule 1.360, Examination of Parties and Property.
(8) Rule 1.370, Admission of Facts and Genuineness of Documents.
(9) Rule 1.380, Refusal to Make Discovery ; Consequences.
(10) Rule 1.390, Depositions of Expert Witnesses.
(11) Rule 1.400, Depositions Deemed Published When Filed.
(b) Where “Circuit Court” is referred to in said rules, “County Judge’s Court” is substituted.
(c)In order to conserve the assets of the estate and the rights of the beneficiaries therein, the court has broad discretion to limit the scope of such examination and the place and manner of taking the same, and may assess the costs thereof to the party taking the same or to one or more of the beneficiaries of the estate in such proportions as the court determines, considering, among other things, the benefit derived therefrom.
Committee Note: This rule is intended to clearly permit the use of discovery practices in probate and guardianship matters. It greatly enlarges F.S. 732.13 and F.S. 744.32 and broadens the ruling in the case of In re: Estate of E. Carter Estes, Deceased, 158 So.2d 794, 161 So.2d 218 (cert, denied) (Fla.1963).
Much latitude is given the court, however, to prevent abuse by those who might make indiscriminate or limitless use of depositions and discovery, anticipating that all costs will be paid from the general assets of the estate. Probate and guardianship litigation often involves only one share or portion of the estate assets, the result of the litigation being of little or no benefit to the other heirs or beneficiaries. The court may allocate or charge such costs against specific shares or to one or more of the parties. See also Rule 5.090.
RULE 5.090. ALLOCATION OF COSTS, FEES AND COMMISSIONS
(a) In probate and guardianship proceedings, costs, fees and commissions may be allowed in the discretion of the court, ordinarily abiding the result of each particular proceeding, but otherwise when it would be unjust that the losing party pay costs.
(b) When costs and attorneys’ fees are to be paid out of the estate, the court may, in its discretion, direct from what portion of the estate they shall be paid.
(c) The proponent of a will in due form, being prima facie justified in offering the *414 same for probate, shall receive his costs and attorneys’ fees out of the estate, even though he is unsuccessful.
Committee Note: Same as F.S. 732.14, except 'for change of the title, addition of reference to guardianship proceedings and inclusion of fees and commissions as costs and permitting their allocation. F.S. 744.23 and 744.47 are now combined in this rule.
RULE 5.100. RIGHT OF APPEAL
All orders and judgments of the court determining rights of any party in any particular proceeding in the administration of the estate of a decedent or ward shall be deemed final and may, as a matter of right, be appealed to the appropriate district court of appeal, except those appeals which may be taken directly to the supreme court as provided by Section 4, Art. V of the state constitution. Appeals provided by this rule shall be governed by the Florida appellate rules including the right to supersedeas.
Committee Note: This rule is substantially the same as F.S. 732.15 except that by rearrangement of that statute the word “finally” has been defined. The committee ■considers that an order from the county judge’s court that determines the right of a party on a particular issue may be appealed to the district court of appeal before the administration of the estate is ■completed and the personal representative is discharged. Determination of the validity ■of a will, or of the right of a person to participate as an heir in an estate is a final determination, and distribution of the estate is subsequently made pursuant to that determination, prior to the entry of a final order of discharge. Section 5(3), of Article 5 of the Constitution permits appeals “from final orders or decrees of county judge’s courts pertaining to probate matters or to estates and interests of minors and incompetents”. Rule 4.4 of the Fla. Appellate Rules contains similar language. The committee’s proposed rule is intended to define “final orders and decrees” of the county judge as an order or decree which ultimately disposes of a right of a party in the estate or proceeding.
RULE 5.110. PETITION FOR PROBATE OF WILL
(a) Every petition for the probate of a will shall be verified by the petitioner or his attorney and shall contain statements to the best of the petitioner’s information and belief showing:
(1) The domicile of the decedent at the time of his death;
(2) The date and place of his death;
(3) The approximate value of his estate;
(4) The residence and postoffice address of the petitioner;
(5) The names, ages and residences of the surviving spouse and heirs at law of the decedent so far as known to the petitioner, and their respective relationships to the decedent. The birth-dates of minor heirs shall also be stated, if known.
(b) No notice need be served before the probate of a will.
Committee Note: Same as F.S. 732.23, with editorial changes, except that agents are not permitted to file petitions. In (a) (5) the averment that reasonable search has been made to obtain information about heirs of the testator has been eliminated, and such information “so far as known to the petitioner” is called for. Birthdates of minor heirs may be helpful in subsequent proceedings in the estate. Ages of adults may be stated as “over 21”. See Form 5.640.
RULE 5.120. PROOF OF WILLS
(a) Wills may be admitted to probate upon the oath or affirmation of any attesting witness, taken before the judge or his clerk, or before a commissioner as provided in Rule 5.130.
*415 (b) When a will is offered for probate and the attesting witnesses cannot be found, or are dead, or after its execution have become incompetent, or their testimony cannot be obtained within a reasonable time, the will may be admitted to probate upon the oath or affirmation of the executor, whether he is interested in the estate or not, or of any person having no interest in the estate under the will, taken as provided in paragraph (a) hereof, that he believes the writing to be the true last will of the decedent.
Committee Note: Same as F.S. 732.24, except for editorial changes and the words “have gone to parts unknown” are changed to “cannot be found”. Testimony on affirmation is permitted.
RULE 5.130. COMMISSION TO PROVE WILL
(a) If any will is produced for probate and any witness attesting it cannot appear before the court without inconvenience, the court may issue a commission, directed to any person who is authorized to administer an oath by the laws of the state or country where such witness may be found, empowering the commissioner to take proof of the attestation of such witness and to certify such proof. No oath of the commissioner is required.
(b) If the person to whom such commission is directed certifies that the witness personally appeared and made written oath or affirmation (such written oath or affirmation to be attached to said certificate) as to the execution by the testator of the will, the original or photographic copy of which is attached to such commission, such oath or affirmation has the same operation and effect as if such written oath or affirmation had been made in the court issuing the commission.
Committee Notes: Same as F.S. 732.25 with editorial changes. See Form 5.670 for Application for Appointment of. Commissioner; Form 5.680 for Commission; and Form 5.690 for Oath of Witness to Will and Certificate of Commissioner.
RULE 5.140. NOTICE TO HEIRS OR BENEFICIARIES
(a) Within 60 days after qualification, the personal representative shall cause to be served upon each known heir in an intestate estate and each legatee or devisee in a testate estate (including trust beneficiaries where reasonably ascertainable) and the surviving spouse if not a legatee or devisee, a notice containing substantially the following recitals:
(1) That the decedent has died.
(2) That proceedings for administration are pending.
(3) That the person notified appears to be an heir at law or devisee or legatee under the will, as the case may be.
(4) The designation and location of the court administering the estate.
(5) The name and address of the personal representative.
(b) A certificate showing compliance with this rule shall be filed in the proceeding.
(c) At the time of qualification, if the names or addresses of some of the heirs, legatees, or devisees are unknown to the personal representative, the certificate shall so state. If the names or addresses are later determined, notice shall be given forthwith and compliance with this rule shown by a further certificate.
Committee Note: This is an enlargement of F.S. 732.281 which required only educational, charitable and religious beneficiaries to be notified. The committee considers that all heirs or beneficiaries (including trust beneficiaries) and the surviving spouse if not a legatee or devisee, should receive the informal notice required by this rule. It is contemplated that the attorney for the personal representative *416 may send the notice and file a certificate of mailing.
RULE S.1S0. CAVEAT: PROCEEDINGS
(a) If any creditor of the estate of a decedent is apprehensive that an estate, either testate or intestate, will be administered without its knowledge, or if any heir or distributee of the estate of a decedent is apprehensive that a will may be admitted to probate without his knowledge, such creditor or person may file a caveat with the court.
(b) No caveat is effective unless it contains a statement of the interest of the caveator in the estate, the name and specific residence address of the caveator, and, if the caveator is not a state agency and is a non-resident of the county, the additional name and specific residence address of some person residing in the county, designated as the agent of the caveator, upon whom service of citation may be made. After the filing of a caveat by an heir or distributee, the court shall not admit the will of such decedent to probate without the issuance of a citation to that caveator. Caveators who are creditors in testate and intestate estates, and caveators who are heirs or distributees in intestate estates, shall receive notice as provided in subrule (e).
(c) Such citation shall be served either upon the caveator or upon his agent named in the caveat for service of citation, whoever is stated to be a resident of the county. Upon a return that after diligent search the caveator, if he is a resident, or his resident agent, if the caveator is a nonresident, cannot be found, the court may admit the will to probate or issue letters of administration upon the expiration of fifteen days after mailing copies of the citation and petition to the caveator and to his agent, if any is named in the caveat, at the respective residence addresses given. A certificate of mailing shall be filed in such instances by the court.
(d) Upon the return day of the citation, the caveator may answer the petition for probate or letters of administration. In his answer he shall set forth his interest in the estate and the facts constituting the grounds upon which probate of the will or issuance of letters of administration is opposed; and the court shall, upon the issue made and the proof adduced, grant or deny the petition.
(e) If at the time of the filing of any caveat the decedent’s will has been admitted to probate or letters of administration have been issued on such estate, the court. shall forthwith notify the caveator thereof, in writing, advising him of the date of issuance of letters, if any, and the name and address of the personal representative of such estate. Should letters of administration or letters testamentary issue after the filing of any caveat, on issuance thereof the court shall forthwith notify the caveator thereof, in writing, advising him of the date of issuance of such letters and the name and address of the administrator, unless citation has been served on such caveator. Copy of any such notice required to be given by the court herein, together with a certificate of the mailing of the original thereof, shall be filed in the estate.
Committee Note: Same as F.S. 732.29, with editorial change, except that any creditor is permitted to file a caveat. This rule exempts State agencies from designating a resident agent. The 30-day limitation in (5) of the Statute has been deleted and procedure to be followed when a caveat is filed after commencement of probate, has been set forth in more detail.
RULE 5.160. REVOCATION OF PROBATE
(a) A petition for revocation of probate shall set forth the interest of the petitioner in the estate and the facts constituting the grounds upon which revocation is demanded.
*417 (b) Service of process shall be made on the personal representative and all persons adversely interested.
(c) Any legatee, devisee or other person interested in the estate may appear and prosecute or defend as a party.
(d) Pending the determination of any issue made for revocation of probate, the personal representative shall administer the estate as if no such issue had been made, but no distribution may be made to legatees or devisees in contravention of the rights of those who, but for such will, would be entitled to the property disposed of thereby.
(e) After trial of the issues, the court shall confirm or revoke the probate.
Committee Note: Same as F.S. 732.30 (2), (3) and (4), except for editorial changes. Subsection (1) is considered a substantive right.
RULE S.170. PROBATE OF WILL WRITTEN IN FOREIGN LANGUAGE
(a) The petition for probate of a will written in a foreign language shall contain or have attached a true and complete English translation of the will. No probate of any will written in a foreign language shall be granted without service of process on the surviving spouse and heirs at law of the testator and all beneficiaries under the will.
(b) Upon the probate of such a will, the court shall establish the correct translation thereof in its order admitting the will to probate. Any person affected may at any time and from time to time, during the administration of the estate, by petition and service of process on all interested persons, have the correctness of the translation or of any portion thereof redetermined. An executor acting in compliance with the English translation of the will as then established by the court shall incur no personal liability.
Committee Note: Same as F.S. 732.34 with editorial changes, except in (b) “If possible, the original will shall also be recorded by the county judge in its original form”, eliminated. The committee considers that the original will would accompany the petition.
RULE 5.180. PROBATE OF NOTARIAL WILL
(a) When a copy of a notarial will in the possession of a notary entitled to the custody thereof, in a foreign state or country (the laws of which require that such will remain in the custody of such notary), duly authenticated by such notary, whose official position, signature and seal of office are further authenticated as provided by the Acts of Congress, or by an American consul, vice-consul or other American consular officer within whose jurisdiction such notary may be a resident, is presented to the court by the executor or other person interested, it may be admitted to probate without further proof if the original might have been admitted to probate in Florida.
(b) Such authenticated copy shall be filed instead of the original will, and is prima facie evidence of its execution and of the facts stated in the certificate in compliance with the preceding subsection.
(c) Any person interested in the estate may oppose the probate of such foreign will as in the case of the original probate of a will in this state. Any person interested adversely may apply for revocation of probate of such foreign will as in the case of the original probate of a will in this state. All proceedings in connection with any such foreign will shall be similar to proceedings in connection .with wills originally probated in this state.
Committee Note: Substantially same as F.S. 732.37 with editorial changes.
*418 RULE 5.190. PROBATE OF NUNCUPATIVE WILL
(a) A nuncupative will shall not be admitted to probate until process is served upon those who, but for such will, would be entitled to the property thereby bequeathed.
(b) Upon the probate of a nuncupative will, the court shall recite the full and precise terms of such will as a part of its order admitting it to probate.
Committee Note: Same as F.S. 732.40, with editorial changes.
RULE 5.200 PETITION FOP LETTERS OF ADMINISTRATION
(a) Every petition for letters of administration shall be verified by the petitioner, or his attorney and shall contain statements to the best of petitioner’s information and belief, showing:
(1) The domicile of the decedent at the time of his death.
(2) The date and place of his death.
(3) The approximate value of his estate, and the nature thereof, in order that an adequate bond may be fixed.
(4) The residence and post office address of the petitioner, and the relationship, if any, of the petitioner to the decedent. If the petitioner claims the benefit of a common-law marriage to the decedent, such fact shall be stated explicitly in the petition for letters of administration.
(5) That the decedent died intestate.
(6) The names, ages and residences of the surviving spouse and heirs at law of the decedent so far as known to the petitioner (including birthdates of minor heirs, if known) and their respective relationships to decedent.
(b) No notice need be served of the granting of letters of administration when it appears that the petitioner is entitled to preference of appointment; but, before letters are granted to any person who is not entitled to preference, process shall be served on all known persons qualified to act as administrator and entitled to preference over the person applying, unless those entitled to preference waive it in writing.
Committee Note: F.S. 232.43 has been rearranged, agents are not permitted to file petitions, and requirements are added that place of death of decedent and birth-dates of minor heirs be shown if known to the petitioner. Ages of adults may be stated as “over 21”. See Form 5.640.
RULE 5.210. RESIDENT AGENT
Before letters are issued to any personal representative except corporate fiduciaries, the personal representative shall file a designation of his place of residence, his post office address and the name, place of residence and postoffice address of a resident of the county wherein proceedings are pending, as his agent for the service of process. The written acceptance of the person appointed shall also be filed. Such designation and acceptance constitutes the consent of the personal representative filing it that service of any process upon the designated agent shall be sufficient to bind the personal representative in any action against the personal representative, either in his representative capacity or personally if such personal action accrued in the administration of such estate. The designation and acceptance thereof may be in the petition for appointment if signed by the personal representative appointed, or in the oath of the personal representative.
Committee Note: Substantially the same as F.S. 732.45 (2) and 744.46. See Form 5.660 combining the designation and acceptance with the oath of the personal representative.
*419 RULE 5.220. DISQUALIFICATION OF PERSONAL REPRESENTATIVE; . . NOTIFICATION
Any personal representative who was improperly qualified or who becomes disqualified to act after his appointment shall immediately present the petition to the court and shall do any and all other things necessary or proper to procure an order approving such resignation.
Committee Note: This is the same as F.S. 732.47 (3), except “after May 27, 1947” and reference to F.S. 734.09 are deleted, and it is enlarged to include those who were improperly qualified. F.S. 734.-09, describing the procedure on resignation, has become Rule 5.380. F.S. 746.01 relating to resignation of guardians has been combined in Rule 5.380.
RULE 5.230 ADMINISTRATOR AD LITEM; GUARDIAN AD LITEM
(a) When it is necessary that the estate of a decedent or a ward be represented in any proceeding and there is no personal representative of such estate or the personal representative is or may be interested adversely to the estate or is enforcing his own debt or claim against the estate, the court shall appoint an administrator ad litem or a guardian ad litem, as the case may be, without bond for that particular proceeding, without notice. The administrator ad litem or guardian ad litem shall file his oath to discharge his duties faithfully. No process need be served upon him, but he shall appear and defend as directed by the court.
(b) When any administrator ad litem or guardian ad litem recovers any judgment or other relief, it shall be enforced as other judgments, except that execution shall issue in favor of the administrator ad litem or guardian ad litem for the use of the estate and the money collected shall be paid to the personal representative of the estate.
(c)An administrator ad litem or guardian ad litem shall be allowed such compensation for his services as the court deems just and reasonable, and which shall be taxed as costs and allowed as provided in Rule 5.090.
Committee Note: (a) is substantially the same as F.S. 732.55; (b) is substantially the same as F.S. 732.56; (c) is substantially the same as F.S. 732.58. F.S. 732.54 has been combined.
RULE 5.240. OATH OF PERSONAL REPRESENTATIVE
Before the granting of letters, the personal representative shall file an oath that he will faithfully administer the estate of the decedent or incompetent. If the petition is sworn to by the prospective personal representative, individually, the oath may be incorporated in the petition.
Committee Note: Same as F.S. 732.59 except last sentence added. F.S. 744.36 combined, last sentence omitted. A form of oath, combined with designation of resident agent and acceptance is at Form 5.660.
RULE 5.250 INVENTORY
(a) The personal representative shall file a complete inventory of the personal property wheresoever situate of a person who hereafter dies a resident of Florida, or of his ward together with the real estate situate within this state. Homestead real property shall so be designated. Real property of such decedent or ward situated outside of this state shall be inventoried, if known. The personal representative shall file a complete inventory of the real and personal property within the state of a person who hereafter dies a resident of some other state or country, or of a non-resident ward. The inventory shall be filed within sixty days from the date of the granting of letters, unless the time is extended by the court.
(b) The appraisal, if endorsed by the personal representative for that purpose, *420 may be considered as an inventory of that part of the estate included in the appraisal.
Committee Note: With editorial changes, (a) is the same as F.S. 733.03, with 744.53 and 744.59 combined, (b) is taken from the last sentence of F.S. 733.05. See Form 5.700 for form of Inventory.
RULE 5.260. APPOINTMENT AND QUALIFICATION OF APPRAISERS
(a) The court may appoint one or more competent persons not of kin to the decedent or ward, as appraisers of the estate. They shall appraise all the property of the estate which shall be produced or comes to their knowledge, unless the appointment limits the property to be appraised. Appraisals may be dispensed with by the court. If, in the discretion of the court, circumstances warrant, a corporation may be appointed as an appraiser.
(b) On the death of an appraiser, or on his neglect or refusal to act, another may be appointed by the court to act in his place.
(c) No oath or affirmation shall be required of an appraiser but the court may require a written acceptance of appointment.
Committee Note: Substantial editorial changes made to F.S. 733.04 and F.S. 744.-54, and appointment is permissive instead of mandatory, (b) is taken from one of the provisions of F.S. 744.54.
RULE 5.270. COMPENSATION OF APPRAISERS
Each appraiser is entitled to receive reasonable compensation for his services, which may be fixed by the court and shall be paid by the personal representative. Application therefor shall be accompanied by an affidavit of each appraiser showing the services rendered and the reasonable value thereof. Such application may be heard upon such notice as the court shall fix.
Committee Note: Same as F.S. 733.07, except the fixing of the fee by the judge is made permissive instead of mandatory. F.S. 744.56 is combined.
RULE 5.280. CONTINUANCE OF BUSINESS OF DECEDENT OR WARD
(a) When any personal representative does not have the power by will to continue a trade or business, or when a person dies intestate or is adjudicated incompetent while engaged in any trade or business, the court may authorize the personal representative to continue such trade or business for a reasonable time under the supervision of the court, requiring such security or additional security as the court deems proper.
(b) Before any order is made authorizing the continuance of the trade or business of the decedent, the personal representative shall file a verified petition, alleging sufficient facts to make it appear that it is to the best interest of the estate to continue such trade or business.
(c) The order authorizing the continuance of such trade or business may empower the personal representative to make such contracts as are necessary to conduct such trade or business and to incur debts and to pay out money in the proper conduct of such trade or business, and the net profits only of such trade or business are added to the assets of the said estate.
(d) In the conduct of such trade or business under order of court, the personal representative shall keep full and accurate accounts of all receipts and expenditures and make reports thereof at such intervals as the court requires.
(e) Any person interested in the estate may apply at any time for an order requiring the personal representative to discontinue and to wind up said trade or business, and the court shall enter such order thereon as is in the best interest of said estate.
Committee Note: Same as F.S. 733.08 except additional language has been added *421 to clearly indicate that if the power to continue a business is given in the will, it shall not be necessary to obtain leave of court. In (b) the phrase “to prevent great loss to the estate” is changed to “it is to the best interest of the estate”. In (d) the requirement of monthly reports is changed to reports “at such intervals as the court may require”. F.S. 744.66 is combined.
RULE 5.290. DUTY TO ASSIGN DOWER
(a) The personal representative shall have dower assigned immediately after the widow has timely exercised her election to take dower.
(b) The personal representative shall file a petition to assign dower and process shall be served upon the widow and all persons adversely interested, or such of them as do not appear and join in the proceedings.
(c) If the personal representative fails to file a petition for the assignment of dower, the widow may file such petition specifying as particularly as is known to her the property in which she claims dower and asking for its assignment. Process shall be served upon the personal representative and all persons adversely interested, or such of them as do not appear and join in the proceedings.
(d) The widow may also file an extraordinary petition for assignment of dower in the court of any county or counties where any lands lie which her husband had conveyed in which she had not relinquished her right of dower. Process shall be served upon all persons adversely interested. Proceedings therein shall be as similar to those for the ordinary assignment of dower as possible.
(e) Proceedings for assignment of dower shall be informal and summary.
(f) On any petition for assignment of dower, the right of dower and the admeas-urement thereof shall be determined, with mesne profits from the date of the death of the decedent included in the judgment. No judgment shall become effective in any other county until a duly certified copy has been recorded in such other county.
(g) If a judgment for dower is entered, the court shall appoint (unless selected by mutual agreement of the parties) three suitable persons as commissioners who are disinterested and not connected with the parties by consanguinity or by affinity. The commissioners shall be allowed such fees as the court deems reasonable, to be paid as part of the costs of administration of the estate. The commissioners may employ a surveyor who may be paid a reasonable fee, subject to the approval of the court. The commissioners may be removed for good cause and others appointed in their places. Immediately upon taking oaths to faithfully and impartially execute the trust imposed in them, they shall allot and set off the widow’s dower. All matters of mesne profits shall be decided by the court upon the pleadings and evidence, but when the interested parties agree to the allotment of dower, or when the assets are of such value and nature that dower may be allotted without the appointment of commissioners, the court may dispense with such appointment and set off and allot dower in its discretion.
(h) In all cases of assignment of dower upon hearing after notice, the court shall confirm, reject or modify the allotment or assignment made. Such judgment shall vest in the widow a fee simple estate in the lands and the absolute ownership of the personal property allotted. She shall be entitled to a writ of possession, if necessary.
Committee Note: With editorial changes : (a) is the same as F.S. 733.09 except that the phrase “lay off and assign dower” is changed to “proceed to have dower assigned”. (b) is the same as F.S. 733.10. (c) is the same as F.S. 733.11(1). (d) is the same as F.S. 733.11(2). (e) and (f) are the same as F.S. 733.12. (g) is the same as F.S. 733.-13. (h) is the same as F.S. 733.14. See F.S. 731.35 for election to take dower.
*422 RULE 5.300. SALES WHERE NO POWER CONFERRED
(a) Application for authorization or confirmation of sale shall be made by verified petition of the personal representative setting forth the reasons for such sale, a description of the property sold or proposed to be sold, and, except when authorization or confirmation of the sale at the current market of stocks or bonds listed upon an established exchange is applied for, the price and terms of such sale.
(b) After the hearing upon a petition to sell or confirm the sale of property, if the sale is authorized or confirmed, the order shall describe the property and, if said property is authorized to be sold at private sale, shall fix the price and the terms of sale. A certified copy of such order relating to real property may be recorded in each county where real property, or any part thereof, is situated. An order authorizing a sale may provide for the public or private sale of any property described therein, in parcels or as a whole. If public sale is ordered, the personal representative shall give such notice as the order requires.
(c) In the order of sale, or at any time before an authorized sale is made, the court may appoint an administrator ad litem to make the sale and to execute the instruments necessary to consummate it. Any sale made by an administrator ad litem shall be as valid as though made by the personal representative.
Committee Note: (a) is taken from the last sentence of F.S. 733.23 and from F.S. 745.06. See also F.S. 744.17 regarding sale by foreign guardians the procedure for which is included in this rule, (b) and (c) are taken from F.S. 733.28(1) and (2). The committee considers that if a person other than the personal representative is appointed to make the sale, he should be designated “administrator ad litem” rather than “commissioner”.
RULE 5.310. ANNUAL RETURNS AND CONTENTS
(a) Unless otherwise ordered by the court, a personal representative shall make annual returns on or before ninety days after the expiration of the fiscal year. The fiscal year shall be selected by filing a designation thereof with the court. Notice of such designation shall be served on the same persons and in the same manner as the notice required by Rule 5.140 and may be combined with that notice. In the absence of such designation and notice, the returns shall be filed on or before April first of each year for the calendar year or fraction of a calendar year ending on December thirty-first preceding. If he fails to make such returns when due, he shall forfeit all commissions on such returns in the discretion of the court.
(b) If the time for filing claims against the estate expires before the end of the fiscal or calendar year, or expires within thirty days thereafter, the personal representative in lieu of making annual returns may file his final return within ninety days from the expiration of the fiscal year, or on or before April 1 after expiration of the calendar year, and apply for discharge.
(c) If a personal representative fails to make his annual returns within the proper time, he shall immediately give written notice of the filing of such returns to all persons interested in the estate when such returns are actually ma'de.
(d) In his returns a personal representative shall render a full and correct account of the receipts and expenditures of the estate and include a statement of the assets of the estate. Real estate need not be specifically described, but shall be identified as to nature and location. The return shall be supported by such schedules, or supplemental data, as is necessary to disclose the personal representative’s compliance with the principal and income laws of this State, Chapter 690, Fla.Stats.
*423 (e) Substantiating papers need not be filed' with accountings but pertinent substantiating papers and records shall be available as a trial of objections to account-ings, and, if not filed, shall be preserved by the personal representative for three years after his discharge.
(f) It is not necessary to file an annual accounting when all of the heirs or beneficiaries are sui juris and consent thereto in writing. Trustees may give such consent on behalf of the beneficiaries of trusts, whether or not the beneficiaries are sui juris. Notwithstanding such consents, the court may require the filing of a return.
Committee Note: Same as F.S. 733.43, except the last paragraph is deleted since it relates to final accountings covered by F.S. 734.22 which will become Rule 5.430. F.S. 745.24 is combined. Rule 5.430 requires the personal representative to preserve records for a period of three years after discharge.
RULE 5.320. OBJECTION TO ANNUAL RETURNS
(a) Any interested person or ward may file an objection in writing to the return or any item thereof within thirty days after the time fixed by these rules for filing the return specifying the ground of objection. No item previously approved by the court upon notice shall be subject to objection. Objection may be filed at any time within thirty days after the service of copy thereof when service is required under Rule 5.310 (c).
(b) After the expiration of the time for filing of objections, if objections to accounts have been timely filed, the personal representative or the objecting party may apply to the court for a hearing thereon upon reasonable notice to all parties interested in the estate. The court shall set the objections for hearing, and shall sustain or overrule the objections, or require further proof of the items contained therein.
(c)If no objection is filed to a return within the time limited for filing objections, the court shall examine the return and approve it or require such proof of the items contained therein as is proper.
Committee Note: Same as F.S. 733.45, except reference to filing annual returns on or before the first day of April in any year has been deleted and the provision for filing within the time required by these rules has been substituted, since the personal representative may elect to file annual returns on a fiscal year basis, (b) Same as F.S. 733.46, with editorial changes, (c) Same as F.S. 733.47, with editorial changes.
RULE 5.330. ORDER REQUIRING RETURNS
(a) When any personal representative fails or neglects to make annual returns, the court shall order the personal representative to make such returns within fifteen days from the service upon him of such order, or show cause why he should not be compelled to do so. A copy of the order shall be served upon the personal representative. If the personal representative fails, neglects or refuses without good cause to file such returns within the time specified by the order, the court shall issue an order forthwith directed to said personal representative to show cause why he should not be adjudged in contempt. If such personal representative fails to show just cause, the court may adjudge said personal representative to be in contempt of court, and he shall stand committed for contempt until he makes the annual returns.
(b) Although an executor may be exempted from making annual or final returns by the terms of the will appointing him, and although no mismanagement or waste is charged against him, upon the application of any interested person, the court may direct the personal representative to file such accounts and to make such settlements and distribution in whole or in part as is neces *424 sary for the proper administration of said estate. Such order may also be made by the court upon its own motion.
Committee Note: (a) Same as F.S. 733.49 with editorial changes, (b) Same as F.S. 733.50 with editorial changes. The committee was uncertain however, as to the meaning of the requirement of “making settlements with returns” and substituted in its place making “annual or final returns”.
RULE 5.340. PRODUCTION OF ASSETS
Upon the petition of any interested person, or upon its own motion, the court may require any personal representative to produce satisfactory evidence that the assets of the estate are in his possession or under his control and may order production of such assets for the inspection of such interested person or the court.
Committee Note: Same as F.S. 733.51 with editorial changes.
RULE 5.350. PROCEEDINGS FOR THE PAYMENT OF LEGACIES OR DISTRIBUTIVE INTEREST
(a)Before any personal representative is compelled earlier than the final settlement of his accounts to pay any legacy in money or to deliver any specific personal property bequeathed to any person (unless such personal property is exempt personal property) which may have come into his hands, or to pay all or any part of any distributive share in the personal estate of such decedent, or to surrender any land to any heir or devisee, the heir, devisee, legatee or distributee shall file a petition setting forth the facts which entitle him to relief and stating that the property will not be required for the payment of debts, family allowance, estate and inheritance taxes, claims, charges and expenses of administration, or for providing funds for contribution or enforcing equalization in case of advancements; and process shall be served upon or notice given to the personal representative. Upon the return day, the court shall enter an order as it deems proper.
(b) An order directing the surrender of real estate or the delivery of any specific personal property shall describe the property to be surrendered or delivered.
(c) On petition for a partial or early distribution by the personal representative or by a person entitled to distribution, if the administration of the estate (except the distribution thereof) has not been completed before the entry of an order thereon, the court may require the person entitled to distribution to give a bond with adequate sureties, to be approved by the court, conditioned to make due contribution for the payment of legacies, debts, demands and all costs which may be awarded, if any such debt or demand is duly presented within the time limited by law, and for family allowance, estate and inheritance taxes, claims, charges, expenses of administration and equalization in case of advancements.
Committee Note: With editorial changes, same as F.S. 734.03, except for the substantive provisions in (2) of the statute relating to the conclusiveness of an order of distribution. Notwithstanding an order entered pursuant to (c), the personal representative may be personally liable therefor pursuant to F.S. 734.02.
RULE 5.360. DISTRIBUTION
After the time for filing claims against the estate has expired and all debts, claims, estate and inheritance taxes, family allowance, charges and expenses of administration have been paid or provision made for the payment thereof, and before the final settlement of the accounts of the personal representative, he may apply for an order authorizing him to surrender the possession of any designated or described real estate to the heir or devisee, or to deliver any specific property, or to make any dis *425 tribution of the assets of the estate. Upon the approval of the final accounts of the personal representative, he shall surrender the possession of all real estate to the heir or devisee entitled thereto and pay over and distribute all personal property to those entitled thereto.
Committee Note: This is substantially the language of F.S. 734.04 except for the substantive provisions as to the effect of orders entered relating to distribution and discharge. See Rule 5.350(c) for partial distributions.
RULE 5.370 EXEMPT ESTATES
At any time during the course of administration, if it appears that the estate consists of no more than the homestead and exempt personal property of the decedent, the court may order the distribution of said estate to the persons entitled to receive it, and upon said distribution, may discharge the personal representative.
Committee Note: With editorial changes, same as F.S. 734.08.
RULE 5.380. RESIGNATION OF PERSONAL REPRESENTATIVE
(a)Any personal representative may resign and be relieved of his office with the approval of the court, provided that he files his application therefor, with notice to all interested persons, including the surety or sureties on the bond, if any. Before relieving the personal representative from his duties and obligations, the court shall require him to file a true and correct account of his administration and to pay over and deliver to his successor (or to his co-executor or coadministrator) all of the property of the decedent or ward, such books of account, documents, and papers of or concerning the estate as the court orders, and all sums of money due to the estate from him. The acceptance of such resignation shall not exonerate any personal representative or his sureties from any liabilities previously incurred. The court shall be satisfied that the interest of the estate will not be placed in jeopardy by such action before making such order.
(b)When a sole personal representative resigns, a successor must be appointed and duly qualified before a personal representative is relieved of his duties and obligations.
Committee Note: With substantial editorial changes (a) is taken from F.S. 734.09. With editorial changes (b) is the same as F.S. 734.10. F.S. 746.01 and F.S. 746.02 have been combined.
RULE 5.390. PROCEEDINGS FOR REMOVAL
(a) Proceedings for removal of the personal representative may be instituted by the court or any interested person. Such notice shall be given to the personal representative as the court may direct. Upon hearing the court may enter such order as it deems proper.
(b) A removed personal representative shall file an accurate, complete and final account of his administration within twenty days after his removal, unless for good cause shown the time is extended by the court.
(c) The remaining or successor personal representative shall demand of the removed personal representative, or of his heirs, personal representatives or sureties, all of the property of the decedent or ward and all books of account, documents and papers of or concerning the estate, together with all sums of money due the estate from him. The removed personal representative, his heirs, personal representatives or sureties, shall turn over to his successor all of said property upon qualification of his successor and upon demand as aforesaid.
(d) If a removed personal representative fails or refuses to file an accurate, com- *426 píete and final account of his administration, or fails to turn over to his successor all the goods, property and effects of the deceased, and all books of accounts, documents and papers of or concerning the estate, upon demand, or fails to pay over all money due the estate from him, the court shall order the removed personal representative to comply within ten days after service of a copy of the order. If he fails or neglects to comply within the time required, the court may commit such removed personal representative until he complies. If sufficient cause is shown for the default, the court shall prescribe a reasonable time within which to comply and upon failure of the removed personal representative to comply with this or any subsequent like order, the court may commit him until he does comply.
(e) Proceedings for the commitment of such defaulting personal representative may be instituted by the court or any interested person or the sureties on his bond, or by his successor or co-personal representative.
(f) If proceedings for commitment are instituted by the court, the order directing compliance shall be sufficient of itself. If proceedings are instituted by a person other than the court, they shall be by verified petition, stating the facts upon which the proceedings are based. After notice to the removed personal representative and a hearing on the petition, if it deems the facts stated sufficient, the court shall issue its order and proceed in accordance with the provisions of this rule.
Committee Note: With editorial changes : (a) is the same as F.S. 734.13 and F.S. 746.04. (b) is the same as F.S. 734.15 and F.S. 746.05. (c) is the same as F.S. 734.16 and F.S. 746.06. (d) is the same as F.S. 734.17 and F.S. 746.07. (e) is the same as F.S. 734.18 and F.S. 746.08. (f) is the same as F.S. 734.19 and F.S. 746.09.
RULE 5.400. ADMINISTRATION FOLLOWING DEATH, RESIGNATION OR REMOVAL
When a personal representative of a decedent dies, resigns, or is removed for any cause and there is a remaining executor or administrator, no other executor or administrator shall be appointed unless the will otherwise directs; but such remaining executor or administrator shall complete the administration of the estate. If a sole executor, administrator or guardian dies, resigns or is removed, the court -shall appoint a successor. A bond shall be required as in the case of an original administration, the condition of the bond being modified to suit the nature of the case.
Committee Note: F.S. 734.14 has been enlarged to include administration following the death or resignation of a personal representative as well as upon his removal. A provision has also been added to recognize that a will may designate a succéssor executor in case of the death or resignation of a prior executor. See also F.S. 746.01 relating to guardians.
RULE 5.410 TERMINATION OF GUARDIANSHIP ON CHANGE OF DOMICILE OF RESIDENT WARD
(a) When the domicile of a resident ward has lawfully been changed in accordance with F.S. 744.10, and the foreign court having jurisdiction over the ward at his new domicile has appointed a guardian of the property of such ward and such guardian has qualified and posted in such foreign jurisdiction a bond in an amount deemed reasonable by the Florida court, the Florida guardian of the property of such ward may file his accountings and close the Florida guardianship if, in the opinion of the court and by order entered thereon, the transfer of such guardianship proceedings to the new domicile of the ward is deemed *427 advisable and in the best interest of said ward. The court may require notice to the guardian of the person or custodian of the ward and other interested persons and may fix a time for hearing objections to such transfer.
(b) Upon proof acceptable to the court that the remaining assets in such guardianship have been transferred to and received by the foreign guardian, the Florida guardian may be discharged and the Florida guardianship terminated. The entry of an order terminating the Florida guardianship shall not exonerate the guardian, or his surety, from any liability previously incurred.
Committee Note: With editorial changes, this rule is the same as F.S. 746.121, except for division into paragraphs, and the provision for publishing notice of filing final accounting, and discretionary notice and hearing of objections has been substituted.
RULE 5.420. TERMINATION OF GUARDIANSHIP UPON REMOVAL OF WARD’S INCAPACITY, DEATH OR EXHAUSTION OF ASSETS
When a ward becomes sui juris, dies or when the property of a ward has been lawfully exhausted, the guardian of the property of such ward shall file a final accounting and shall serve a copy thereof together with a notice of application for discharge on the ward, upon the personal representative of a deceased ward, or if there be no assets justifying qualification of a personal representative, then upon known next of kin, or such persons as the court may direct. The notice of application for discharge shall state a time certain not less than 30 days after service of such notice when the application for discharge shall be heard and shall advise that objections to the final accounting and discharge may be filed in the court prior to said hearing. A sui juris ward may waive such notice and hearing.
If objection is filed, the court shall hear the objection and enter its order thereon. Prior to granting such discharge, the court may require whatever proof of the removal of such incompetency or of the need of the continuance of the guardianship as it deems necessary.
Upon proof acceptable to the court that the remaining assets in such guardianship have been transferred to and received by the person entitled thereto, the guardian may be discharged. The entry of an order of discharge shall not exonerate the guardian, or his surety, from any liability previously incurred.
Committee Note: Substantial change has been made to F.S. 746.12, including requirement of notice and hearing of application for discharge.
RULE 5.430. FINAL SETTLEMENT AND DISCHARGE, DECEDENT’S ESTATE
(a) When a personal representative of a decedent’s estate has completed the administration except for distribution, he shall file his final report and make application for discharge.
(b) The personal representative shall then publish a notice once a week for four consecutive weeks, four publications being sufficient, notifying all persons of the filing of his report and of his application for discharge. After filing the proof of publication, if no objection is filed and if it appears to the judge that the personal representative has faithfully administered the estate, the court shall approve the final report and direct the personal representative to make distribution. No distribution of estate assets to a testamentary trustee shall be authorized until proof has been obtained and filed of qualification of the trustee under the law of the state where the trust is to be administered, unless it appears that there is no trust qualification law in existence in such state or no trust *428 qualification law which applies to the testamentary trust.
(c) If objection is filed, trial shall he had as for the trial of objections to annual returns.
(d) The personal representative may, before making distribution, retain from the funds in his hands a sufficient amount to pay the expenses accrued since the filing of his final report and his application for discharge.
(e) It is not necessary to file a final accounting, nor to advertise notice of the filing of final accounting or petition for distribution and discharge, when all heirs or beneficiaries are sui juris and consent thereto in writing. Trustees may give such consent on behalf of the beneficiaries of trusts.
(f) When the interest of a minor heir or beneficiary does not exceed the amount authorized by Florida law to be received by his natural guardian, such natural guardian may give such consent on behalf of such minor heir or beneficiary.
(g) The judge may require the filing of an annual or final accounting and the advertisement of notice thereof and of petition for distribution and discharge, notwithstanding the waivers aforesaid.
Committee Note: Similar to F.S. 734.22, with editorial changes. See also Rule 5.310 for annual returns and requirement that pertinent substantiating papers and records be filed or retained by the personal representative for three years. See Form 5.710 for Order of Final Discharge.
RULE 5.440. SUBSEQUENT ADMINISTRATION
The final settlement of an estate and the discharge of the personal representative shall not prevent a revocation of the order of discharge or the subsequent issuance of letters testamentary or of administration if other property of the estate is discovered or if it becomes necessary or proper for any cause that further administration of such estate be had.
Committee Note: Same as F.S. 734.26.
RULE 5.450. ANCILLARY ADMINISTRATION
(a) To entitle an applicant to ancillary letters, a petition shall be filed with an authenticated copy of so much of the domiciliary proceedings as shows either (1) the will, petition for probate, order admitting the will to probate and letters testamentary, if there are such; or, (2) the petition for letters of administration and letters of administration.
(b) Upon the filing of a petition for admission of testamentary instruments to probate, and of an authenticated copy of a probated will, including any probated codicils thereto, and of the parts of the record of the domiciliary proceedings as aforesaid, the court may, if it finds that the said will and codicils, if any, comply with the laws of this state so as to entitle them to probate, admit said will and codicils, if any, to probate in this state.
(c) The ancillary personal representative shall give like bond as personal representatives generally, and all proceedings for appointment and in the administration of the estate shall be as similar as possible to those in original administrations.
(d) After the payment of all expenses of administration and claims against the estate the court may, upon petition, order the remaining personal property in the hands of the ancillary personal representative to be transferred to the domiciliary personal representative.
Committee Note: Paragraphs (1) and (6) of F.S. 734.31 were considered to grant substantive rights and were left in the statute. The paragraphs of this rule are (2), (3), (4), and (5) of the statute. Authentication of proceedings and records is defined and described in Title 28, Section 1738, U.S. Code.
*429 PROPOSED FORMS
FOR USE WITH THE RULES OF
PROBATE AND GUARDIANSHIP PROCEDURE
The following forms shall be sufficient in probate and guardianship proceedings. Departures from these forms shall not void papers which are otherwise sufficient and the forms may be varied when necessary to meet the facts of a particular case.
FORMS
5.610 Citation (by service)
5.620 Citation (by publication)
5.630 Affidavit of Service
5.640 Petition for Probate of Will
5.650 Petition for Letters of Administration
5.660 Oath of Personal Representative and Designation of Resident Agent
5.670 Application for Appointment of Commissioner
5.680 Commission
5.690 Oath of Witness to Will and Certificate of Commissioner
5.700 Inventory
5.710 Order of Final Discharge
Form 5.610 CITATION (by service)
IN THE COUNTY JUDGE’S COURT OF COUNTY, FLORIDA.
No.
IN RE: ESTATE OF
Deceased.
CITATION
THE STATE OF FLORIDA:
TO _
You are hereby notified that a petition has been filed in this Court, a true copy of which is attached; and you are hereby required to file your written defenses thereto within twenty days after service hereof upon you, exclusive of the day of service, and serve a copy thereof upon petitioner’s attorney, whose name and address are :
If you fail to do so, judgment may be entered in due course upon the petition.
*430 Witness my hand and the seal of said Court at_ _ County, Florida this_day of_, 19_
County Judge
By: Clerk
Committee Notes: See Rule 5.050 (a).
Form 5.620 CITATION (by publication)
IN THE COUNTY JUDGE’S COURT OF COUNTY, FLORIDA.
No.
IN RE: ESTATE OF
Deceased.
CITATION
THE STATE OF FLORIDA:
TO_
and all other persons concerned :
You are hereby notified that a petition has been filed in said Court praying for_
and you are hereby required to file your written defenses thereto within thirty days after the first publication or posting hereof, and serve a copy thereof upon petitioner’s attorney, whose name and address are:_
If you fail to do so, judgment may be entered in due course upon the petition.
WITNESS my hand and the seal of said Court at_ - County, Florida this _day of_, 19_
County Judge
By:
Clerk
First published or posted on_
Committee Notes: See Rule 5.050 (d).
*431 Form S.630 AFFIDAVIT OF SERVICE
STATE OF_
AFFIDAVIT OF SERVICE
COUNTY OF _
Before me, the undersigned authority this day, personally appeared-_:_ who being by me first duly sworn, deposes and says:
1. On the_day of_, 19— he received the foregoing or appended Citation and a copy thereof to which the petition or pleading referred to therein was attached.
2. On the_day of-, 19— at about-m. he delivered the copy of said Citation with petition or pleading attached to_named in said Citation who was then at_in-,
(address) (city)
_, by handing it to said person (or here state the (state)
manner of service).
(Server)
(Server’s title or occupation)
(Server’s address)
Sworn to and subscribed before
me this_day of_, 19_
Notary Public
My commission expires:
Committee Note: See Rule 5.050(c). Although process outside of Florida is usually served by a sheriff, his deputy, or a professional process server, service may be accomplished by an individual. In either event this affidavit of service may be used, since the return must be by affidavit.
Form 5.640 PETITION FOR PROBATE OF WILL
IN THE COUNTY JUDGE’S COURT OF COUNTY, FLORIDA.
No.
IN RE: ESTATE OF
Deceased.
*432 PETITION FOR PROBATE OF WILL
Petitioner_,_ whose residence is_ and whose post office address is_1-says, to the best of petitioner’s information and belief:
1.That_died at -on the_day of-19— and at the time of death was domiciled at_ and was a resident of_County, Florida, and was_ years of age; and at the time of death decedent owned an estate described as:_
of the approximate value of $_
2.That the surviving heirs at law of decedent are:
Name Age Relationship Address
(birthdate if minor)
3. That said decedent died leaving a Last Will and Testament dated -, 19-, which was published and declared by decedent as - Last Will and Testament_, when the said decedent was at least eighteen years of age, in the presence of_ as attesting witnesses, and in said instrument_ —-w-nominated Execut_thereof.
4. Petitioner— believe— that the writing offered for probate is the true Last Will and Testament_ of said decedent.
WHEREFORE, petitioner_ prays that the writing_ be admitted to probate as the Last Will and Testament_ of the said decedent, and that Letters Testamentary be granted to peti-tioner_
Attorney
Petitioner
Attorney’s Address Phone
*433 STATE OF FLORIDA,
COUNTY OF
The above named-being by me duly sworn, days that the foregoing petition is
Notary Public or County Judge
Filed and Recorded this_in Probate Record Book-Page _, County Judge, by - Clerk
Committee Note: See Rule 5.110. The age of adult heirs are sufficiently shown as “over 21”. Oath of personal representative (Rule 5.240), Application for Appointment of a Commissioner (Form 5.670), Designation of resident agent and Acceptance (Form 5.660 in part) may be combined with this form.
Form 5.650 PETITION FOR LETTERS OF ADMINISTRATION
IN THE COUNTY JUDGE’S COURT OF COUNTY, FLORIDA.
No.
IN RE: ESTATE OF
Deceased.
PETITION FOR LETTERS OF ADMINISTRATION
Petitioner_, whose residence is- and whose post office address is-says to the best of petitioner’s information and belief:
1. That _died intestate at _on_ 19 — , and at the time of death was domiciled at- and was a resident of_County; that at the time of death _he was_years of age.
2. That the surviving heirs at law of decedent are:
Name Age Relationship Address
(birthdate if minor)
*434 3. That the said decedent died owning an estate described as:
of the approximate value of $_
4. Petitioner is___
(Here state petitioner’s relationship or right to have letters issued)
WHFREFORE, petitioner— prays that_he may be appointed Admin-istrat— of the estate of said decedent.
Attorney
Petitioner
Attorneys Address Phone
STATE OF FLORIDA COUNTY OF
The above named_ being by me duly sworn, says that the foregoing petition is true.
Notary Public or County Judge
Filed and Recorded this-, in Probate Record Book_ Page •-, County Judge, by_ Clerk.
Committee Note: See Rule 5.200 and notes following Form 5.640.
Form 5.660 OATH OF PERSONAL REPRESENTATIVE AND DESIGNATION OF RESIDENT AGENT
IN THE COUNTY JUDGE’S COURT OF COUNTY, FLORIDA.
No.
IN RE: ESTATE OF
Deceased.
*435 OATH OF PERSONAL REPRESENTATIVE AND DESIGNATION OF RESIDENT AGENT
Before me, the undersigned authority this day, personally appeared _, to me known, who by me
being first duly sworn, says:
1.That _he is the person who has been appointed of the estate of the above named decedent.
2. That _he will faithfully administer the estate of said decedent.
3. That h— place of residence is-— and h_post office address is-
4. That _he hereby designates -, a resident of_County, Florida, whose residence is _and whose post office address is_as h_agent or attorney for service of process in any suit or action against h_in h_representative capacity, or personally, if such personal action accrued in the administration of such estate.
Sworn to and subscribed before me this _day of_, 19_
Notary Public
My commission expires:
ACCEPTANCE
I certify that I am a permanent resident of-County, Florida, residing at-I hereby accept the foregoing designation as Resident Agent. Dated at _, Florida, on_, 19-
Resident Agent
Filed and Recorded this _in Probate Record Book — Page _, County Judge, by - Clerk.
Committee Notes: See Rules 5.210 and 5.240.
Form 5.670 APPLICATION FOR APPOINTMENT OF COMMISSIONER
IN THE COUNTY JUDGE’S COURT OF COUNTY, FLORIDA.
No.
IN RE: ESTATE OF
Deceased.
*436 APPLICATION FOR APPOINTMENT OF COMMISSIONER
Petitioner_, says that application has been made in this Court for the probate of the Last Will and Testament of_ deceased; that said Will was executed in_ and that the witnesses to said Will_
(here state absence of the witness
- that - and name and address of available witness)
-is named in said Will as Execut-
Petitioner requests this Court to appoint as Commissioner --of_■
(name and title) (address)
to. take the testimony of_, one of the witnesses to said Will, said witness being unable to attend in this Court without great inconvenience.
Petitioner.
Attorney for Petitioner
Committee Note: For use with Rule 5.130.
Form 5.680 COMMISSION
IN THE COUNTY JUDGE’S COURT OF COUNTY, FLORIDA.
No.
IN RE: ESTATE OF
Deceased.
COMMISSION
By --, Judge of the County Judge’s Court of-County, Florida,
TO:_, ■ — -, an officer duly authorized by the laws of the State of_to administer oaths and take acknowledgments, GREETINGS :
WHEREAS, a writing said to be the Last Will and Testament of
deceased, has been offered to this Court for probate; and
WHEREAS, it appears that_
are the subscribing and attesting witnesses thereto and that the residence of said subscribing and attesting witnesses is such that they cannot attend this Court without manifest inconvenience; and
*437 WHEREAS, it is necessary that the oath of at least one of the said subscribing and attesting witnesses shall be submitted to this Court in order that the said writing shall be admitted to probate as the Last Will and Testament of the said-
_, deceased.
NOW, THEREFORE I,_ County Judge of _ County, Florida, have appointed you, and you are hereby authorized and required to cause one or more of the said subscribing and_attesting witnesses to said Last Will and Testament personally to come before you, and after being duly sworn, take an oath in the form hereinafter provided regarding the execution of said writing, a photographic copy of which is hereto annexed, evidencing the Last Will and Testament of_, deceased, and that you send the same to this Court without delay.
WITNESS My hand and official seal at-, Florida, on_, 19_
COUNTY JUDGE
Attorney for Estate
Telephone Number
Committee Notes: For use with Rule 5.130
Form 5.690 OATH OF WITNESS TO WILL AND CERTIFICATE OF COMMISSIONER
STATE OF _ ., OATH OF WITNESS TO WILL
COUNTY OF (before a Commissioner)
BEFORE ME, _, __
(Name) (Title)
and Commissioner by virtue of the attached Commission, personally appeared _ who, being by me first duly sworn, say that he— w— personally present as subscribing and attesting witness— with-
who w_also present as subscribing and attesting witness — , and saw the Testa_,_— subscribe h_name to the instrument of writing, a photographic copy of which is hereto annexed, as and for h_ Last Will and Testament, and that the said witnesses did, then and there, at the special request of the said Testa_, and in h_ presence, and in the presence of each other, subscribe their names thereto as attesting witnesses, and the said-_further swear_that —he— verily believe_ the said instrument of writing, a photographic copy of which is hereto annexed, so subscribed, declared and attested as aforesaid, *438 to be the true Last Will and Testament of said at the time of its execution.
SWORN TO AND SUBSCRIBED _
BEFORE ME this_day of ■-:-, 19-
Commissioner
NOTE TO COMMISSIONER: Affix your official seal, if any and indicate your title. If a Notary Public, state the date of expiration of your commission and your official number, if any. If you are a person otherwise authorized to administer oaths and take acknowledgments, cite the applicable law. A Clerk’s Certificate is not required.
STATE OF_,
CERTIFICATE OF COMMISSIONER
COUNTY OF_
I do hereby certify that_
named in the Commission hereto annexed appeared before me this_day of -, 19 — , and after being by me duly sworn, executed the foregoing oath in my presence, and it was duly attested by me, and I now certify it to the County Judge of _ County, State of Florida.
IN WITNESS WHEREOF I have hereunto set my hand and affixéd my seal of office, on_ 19_at_
(Impression Seal Here) Commissioner.
Filed and Recorded this_in Probate Record Book
Page-, County Judge, by_
--, Clerk.
Committee Notes: For use with Rule 5.130
Form 5.700 INVENTORY
IN THE COUNTY JUDGE’S COURT
TN AND FOR COUNTY, FLORIDA.
No.
IN RE: ESTATE OF
Deceased.
INVENTORY
TO THE JUDGE OF SAID COURT:
The undersigned personal representative of the Estate of
*439 files this inventory of all the property of said-
(decedent/ward)
that has come into the hands, possession, knowledge, or control of the undersigned as such personal representative:
Brief Description REAL ESTATE: Approximate Value
Brief Description PERSONAL PROPERTY: Approximate Value
(Personal Representative/Guardian)
Committee Notes: See Rule 5.250.
Form 5.710 ORDER OF FINAL DISCHARGE
IN THE COUNTY JUDGE’S COURT OF COUNTY, FLORIDA.
No.
IN RE ¡ESTATE OF
Deceased.
ORDER OF FINAL DISCHARGE
The petition of _ as _ of the estate of _, deceased, came on this day to be heard, and it appearing that said-ha_ faithfully discharged_h_duties according to law, and the Court being fully advised in the premises,
IT IS ORDERED and ADJUDGED that_ is hereby discharged as_of the estate of-_, deceased, and each surety on the bond heretofore filed herein is hereby relieved from further liability thereon.
DONE and ORDERED at _, Florida on _, 19_
COUNTY JUDGE .
Filed and Recorded this_in Probate Record Book_at Page _, County Judge, by _Clerk.
Committee Note: See Rule 5.430.